## GEORGE WARD v. THE STATE.

No. 15284. Delivered June 1, 1932.
Rehearing Denied June 22, 1932.
Reported in 50 S. W. (2d) 1102.

The opinion states the case.

*Aynesworth & Hood,* of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The sole question is whether the evidence supports the verdict. The brief submitted by our state's attorney, the Honorable Lloyd W. Davidson, so clearly analyzes the facts that we adopt is as the opinion of the court.

"BRIEF FOR THE STATE

"Conviction is for transporting intoxicating liquor, with punishment assessed at confinement in the penitentiary for a term of one year.

"The bill of indictment contained two counts, the first charging the transportation and the other charging possession for the purpose of sale

of intoxicating liquor. Both counts were submitted to the jury. The conviction was under the transportation count.

"The testimony showed that peace officers had been watching the appellant and his maneuvers. They followed him out of a house; saw him come out of the house with a sack. They followed him back to town, saw him get out of a car with the sack in his hand and start up the stairway into a rooming house. They pursued him. He discovered them following him and in the presence of the officers broke the contents of the sack which contained pint bottles of whisky.

"Immediately thereafter the officers secured a search warrant, went to the place where the appellant had been seen to come out with the sack, and found there in possession of the property a Mrs. Black, who was the daughter of the appellant. It seems that they found a quantity of whisky there on the premises. About the time the search was concluded or they had found the whisky, the appellant drove up and in effect told the officers that the whisky was his and not to arrest the daughter. There is also evidence of the fact that the girl said that the whisky belonged to her and not to her father. Appellant did not testify.

"There are no bills of exception in the record, and, the jury having found expressly under the first count or the transportation count, and the proof, having sworn that the appellant was transporting intoxicating liquor which he destroyed in the presence of the officers, was ample and sufficient to support the verdict of guilty.

"The case is therefore submitted with the prayer that the judgment of the trial court be affirmed."

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon two grounds; first, that the evidence is insufficient; second, that the search warrant was founded on an invalid affidavit.

The record fails to show that the introduction of the evidence obtained under the search warrant was opposed. No bill of exception appears. The state's evidence is specific to the effect that the appellant was transporting whisky. Later, a search warrant was obtained, and on the premises the officers found a large quantity of whisky. The sufficiency of the evidence is not open to question. The form of the search warrant is not contained in the record. The presumption of its regularity prevails on appeal.

The motion is overruled.

*Overruled.*